UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------------X
CRYSTAL ROGERS,

                                 Plaintiff,                        **COMPLAINT**

            - against -

MOMENI, INC. d/b/a MOMENI and ALI MOMENI,
ARIA MOMENI and REZA MOMENI, individually,

                                Defendants.
-----------------------------------------------------------------------X

    Plaintiff Crystal Rogers ("Rogers" or "Plaintiff") by her attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of Momeni Inc. d/b/a MOMENI and Ali Momeni, Aria Momeni and Reza Momeni, individually (collectively "Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff Crystal Rogers is a 52-year-old black woman who worked as a customer sales representative for MOMENI.

2. MOMENI is a carpet company owned and operated jointly by the individual Defendants Ali Momeni, Aria Momeni and Reza Momeni (the "Momeni Brothers").

3. Plaintiff was discriminated against by Defendants on the basis of her gender, race and age.

4. In addition, Plaintiff was not paid overtime in compliance with the Fair Labor Standards Act ("FLSA") as well as the New Jersey Wage and Hour Law ("NJWHL").

5. Accordingly, Plaintiff brings this action seeking legal and equitable relief for violations of (1) the NJWHL; (2) violations of the New Jersey Law Against Discrimination *N.J.S.A.* 10:5-1 *et seq* on the basis of gender, race and age; (3) the Diane B. Allen Equal Pay Act,

*N.J.S.A.* 34:11-56.13, (New Jersey Equal Pay Act); and (4) Violations of the Federal Equal Pay Act, 29 U.S.C.A. § 206(d).

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. § 1332.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein within the District of New Jersey.

8. While this complaint discusses Plaintiff's employment with Defendants at their Atlanta location, the causes of actions in this complaint are based upon Plaintiff's employment with Defendants at their New Jersey location.

## PARTIES

### Plaintiff

9. Plaintiff is a 52-year old black woman who resides in Passaic County, New Jersey.

10. From 1995 to 2019, with breaks in employment, Plaintiff worked for Defendants as a customer service representative.

11. On August 5, 2019, Plaintiff was unlawfully terminated by Defendants.

### Defendants

### MOMENI

12. MOMENI has been in existence since 1975.

13. As previously noted, MOMENI is owned and operated by the Momeni Brothers.

14. At all times relevant to this action, MOMENI has been an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

15. MOMENI has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

16. Upon information and belief, MOMENI has approximately 54 employees.

17. At all times relevant to this action, MOMENI has been Plaintiff's employer within the meaning of the applicable New Jersey and Federal laws.

**Ali Momeni**

18. On information and belief, Ali Momeni is a co-owner of MOMENI.

19. As an owner of MOMENI, Ali Momeni has control over the salaries and work schedules of employees of MOMENI.

20. In addition, Ali Momeni oversees the MOMENI's Atlanta distribution center.

21. At all times relevant to this action, Ali Momeni has been Plaintiff's employer within the meaning of the applicable New Jersey and Federal laws.

**Aria Momeni**

22. On information and belief, Aria Momeni is the Vice President and CFO of MOMENI.

23. As Vice President and CFO of MOMENI, Aria Momeni has control over the salaries and work schedules of employees of MOMENI.

24. At all times relevant to this action, Aria Momeni has been Plaintiff's employer within the meaning of the applicable New Jersey and Federal laws.

**Reza Momeni**

25. On information and belief, Reza Momeni is the President of MOMENI.

26. As President of MOMENI, Reza Momeni has control over the salaries and work schedules of employees of MOMENI.

27. At all times relevant to this action, Reza Momeni has been Plaintiff's employer within the meaning of the applicable New Jersey and Federal laws.

28. Upon information and belief, Aria Momeni and Reza Momeni jointly run the New Jersey branch of MOMENI.

## FACTS

29. The headquarters of MOMENI is located at 60 Broad Street, Carlstadt, New Jersey 07072.

30. MOMENI has a distribution center in Atlanta, located at 3490 Hamilton Blvd. SW, Atlanta, GA 30354.

31. In addition to these locations, MOMENI also has showroom locations in New York City, Las Vegas and High Point, North Carolina.

32. MOMENI's rugs are widely available across the country, and are sold by Home Depot, JC Penney, Target, Overstock.com, Rugs Direct, and Wayfair.

33. While MOMENI has multiple locations across the country, the locations operate as one company, and (as previously discussed) are managed jointly by the Momeni Brothers.

34. MOMENI's employees can be transferred from one Momeni office to another, as evidenced by Plaintiff's transfer from the Atlanta office to the New Jersey office.

**Customer Service Representatives at Momeni's New Jersey Location**

35. At any given time, MOMENI has 6 customer sales representatives at their NJ location.

36. Customer service representatives interface with customers, answering customers' questions about, for example, the status of shipments, requests for sample swatches, invoicing issues and returns and exchanges.

37. Plaintiff was the only black customer service representative working for MOMENI in their New Jersey office at the time of her employment.

38. In fact, overall, Plaintiff was the only black employee on behalf of MOMENI in their NJ office.

**Plaintiff's Hours Worked and Wages Earned in the New Jersey Office**

39. Plaintiff worked at MOMENI'S New Jersey location from 2016 to 2019.

40. Plaintiff's official work schedule was from 9am to 5pm, Monday through Friday.

41. However, Defendants consistently required Plaintiff to work past 5pm.

42. Plaintiff would usually leave work between 7pm and 7:30pm, and sometimes would stay as late as 8:30pm.

43. Even though Plaintiff consistently worked over 40 hours per week for Defendants she was not paid time and one half for all worked performed after 40 hours.

44. Plaintiff's paystubs always indicated that she worked only 40 hours per week.

45. Plaintiff was paid $1,057.69 per week for just the first 40 hours she worked.

46. The decision by Defendants not to pay Plaintiff overtime wages was willful.

**Defendants' Discriminatory Treatment of Women**

47. At Defendants, men receive favorable treatment in comparison to women.

48. For example, Defendants disproportionally hire men.

49. In addition, Defendants provide men more favorable working conditions than women.

50. For example, male employees are permitted to work from home while female employees are not.

51. In addition, male employees are less likely to be reprimanded or suffer other forms of discipline than their female colleagues.

52. In fact, on information and belief, MOMENI would pay some of their male employees "off the books" to enable these individuals to submit fraudulent tax returns and receive welfare and Medicaid.

53. In addition, female employees of Defendants are required to perform unpaid labor.

54. For instance, the office manager, Joanne Au, was frequently required to do work at home outside of regular work hours.

55. Au, though, was never paid for this labor.

56. In contrast, though, when male employees were required to work additional hours they were paid appropriately for their labor.

57. For example, Defendants paid overtime to employee Lucky Carlos, who is male.

58. Plaintiff and Lucky Carlos were the only customer service representatives in New Jersey who worked overtime.

59. Carlos was paid for his overtime work while Plaintiff was not because Carlos is male.

60. Defendants' treatment of Lucky Carlos contrasts strikingly not only with their treatment of Plaintiff, but also with their treatment of S. Doe, a black woman in her 40s, and the only other black employee of MOMENI.

61. In December 2014, S. Doe used her personal time off because of a serious illness.

62. S. Doe returned to work in February 2015 when her vacation and sick days were exhausted.

63. Defendants, though, fired S. Doe on the untruthful pretense that S. Doe had not timely returned to work after using her remaining vacation and sick days.

64. In contrast, when Carlos took a leave of absence after using his remaining sick and personal days, he was not terminated.

**Defendants' Discriminatory Policies Related to Bonuses and Sick Pay**

65. MOMENI gives employees annual bonuses at the end of each year.

66. Au informed Plaintiff that she believed that the bonuses Plaintiff received were unfair in relation to her years with MOMENI and her contributions to MOMENI.

67. Upon information and belief, the bonuses provided to Carlos were greater than those provided to Plaintiff as well as MOMENI's other female customer service representatives.

**MOMENI's Racially Discriminatory Hiring Practices**

68. While working in the Atlanta office, Plaintiff would see black applicants submit resumes and interview for positions.

69. However, none of these black applicants were ever hired by MOMENI.

70. Plaintiff asked two of her colleagues, Rainy Ghambir and Oricen Castillo, why MOMENI's Atlanta location did not hire any black employees

71. Both Ghambir and Castillo told Plaintiff that MOMENI did not hire blacks because "blacks are lazy."

72. Per US census website census.gov, Atlanta, GA is estimated to be 51.8% black or African American as of July 1, 2019.

73. Yet, during the time period that Plaintiff worked for MOMENI, MOMENI had only one black employee in their Atlanta office.

**MOMENI Practices Age Discrimination**

74. The vast majority of the employees hired by Defendants were younger than Plaintiff.

75. In addition, the few older employees of MOMENI usually had a personal connection to the Momeni brothers.

76. For example, in the Atlanta office, Plaintiff was the second oldest employee and in fact was the oldest employee other than the warehouse manager, Singh.

77. Consistent with the age discrimination exhibited by Defendants, when Plaintiff asked Ali Momeni for a raise, Ali Momeni stated that to Plaintiff that she was "no spring chicken" and "would have a hard time finding a job elsewhere" due to her age.

**Plaintiff Seeks Medical Therapy Due to MOMENI'S Working Conditions**

78. Plaintiff began attending therapy sessions in August 2017 to help her deal with her anxiety caused by working at MOMENI.

79. Plaintiff continued therapy until the fall of 2019.

80. Plaintiff ceased going to therapy because she could no longer afford the cost of the copay.

## FIRST CAUSE OF ACTION
## FLSA Overtime Violations

81. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

82. Throughout the relevant time period, Plaintiff worked in excess of forty (40) hours per workweek.

83. At all relevant times throughout the employment of Plaintiff, Defendants willfully, regularly and repeatedly failed to pay Plaintiff one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failed to keep records required by the FLSA, even though Plaintiff was entitled to receive overtime payments.

84. Defendants' decision not to pay overtime was willful.

85. Plaintiff seeks damages in the amount of unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### NJWHL Overtime Violations

86. Plaintiff re-alleges and incorporates by reference the allegations contained in the above paragraphs of this Complaint as if more fully set forth herein at length.

87. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the NJWHL, N.J. Stat. Ann. 34:11-56a *et seq*.

88. At all times relevant to this action, Defendants were responsible for paying overtime wages to Plaintiff for each hour worked in excess of 40 in a week at a rate of time and one-half her regular rate of pay.

89. Due to Defendants' violations of the NJWHL, Plaintiff has suffered damages and is entitled to recover from Defendants, jointly and severally, her unpaid overtime compensation, attorneys' fees and costs pursuant to the NJWHL.

## THIRD CAUSE OF ACTION
### Gender, Race and Age Discrimination
### Under the New Jersey Law Against Discrimination (LAD)

90. Plaintiff re-alleges and incorporates by reference each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

91. By the acts and practices described above, Defendants discriminated against Plaintiff in the terms and conditions of her employment in violation of LAD.

92. Defendants knew that their actions constituted unlawful discrimination and/or acted with malice and/or reckless disregard for Plaintiff's statutorily protected rights.

93. As a result of Defendants' discriminatory acts, Plaintiff has suffered and will continue to suffer economic damage, irreparable injury, emotional distress, reputational injury and other compensable damages.

### FIFTH CAUSE OF ACTION
### Violations of the New Jersey Equal Pay Act

94. Plaintiff re-alleges and incorporates by reference each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

95. By the acts and practices described above, Defendants discriminated against Plaintiff in the terms and conditions of her employment in violation of the New Jersey Equal Pay Act.

96. Defendants knew that their actions constituted unlawful discrimination and/or acted with malice and/or reckless disregard for Plaintiff's statutorily protected rights.

97. As a result of Defendants' discriminatory acts, Plaintiff has suffered and will continue to suffer economic damage, irreparable injury, emotional distress, reputational injury and other compensable damages.

### SIXTH CAUSE OF ACTION
### Violation of the Federal Equal Pay Act

98. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

99. By the acts and practices described above, including not paying Plaintiff pay that her similarly situated male co-workers received for performing equal work, Defendants discriminated against Plaintiff in the terms and conditions of her employment in violation of the Federal Equal Pay Act.

100. Defendants knew that their actions constituted unlawful discrimination and/or acted with malice and/or reckless disregard for Plaintiff's statutorily protected rights.

101. As a result of Defendants' discriminatory acts, Plaintiff has suffered and will continue to suffer economic damage, irreparable injury, emotional distress, reputational injury and other compensable damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for the entry of an order and judgment against Defendants and that judgment be granted awarding Plaintiff:

A. Damages to make her whole for all earnings she would have received but for Defendants' discriminatory treatment, including, but not limited to, wages, retirement benefits, health care coverage and other lost benefits including future lost wages and benefits;

B. Unpaid overtime wages;

C. Compensatory damages for mental anguish, emotional distress, humiliation and damage to reputation;

D. Compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation;

E. Punitive damages;

F. Pre-judgment and post-judgment interest;

G. Liquidated damages for unpaid overtime wages, in accordance with NJWHL and the FLSA, as well as attorneys' fees, costs and expenses;

H. Reasonable attorneys' fees, costs and expenses in the prosecution of this action as permitted under the New Jersey Law;

I. Treble damages as permitted under the Diane B. Allen Equal Pay Act;

J. Declaring that Defendants engaged in unlawful employment practices prohibited by the New Jersey's Law against Discrimination;

K.   Such other further legal and equitable relief as the Court deems just and proper to remedy the Defendants' unlawful employment practices.

Dated: May 22, 2020
    Glen Rock, New Jersey

**THE LAW OFFICES OF JACOB ARONAUER**

By:   */s/ Jacob Aronauer*
    Jacob Aronauer (JA: 9184)
    65 Harristown Road, Suite 207
    Glen Rock, NJ 07452
    jaronauer@aronauerlaw.com

    *Attorney for Plaintiff*