UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------X
CRYSTAL ROGERS,

                                                                        20-CV-6289

                          Plaintiff,

        - against -

MOMENI, INC. , d/b/a MOMENI and
ALI MOMENI, ARIA MOMENI and
REZA MOMENI, individually,

                         Defendants.
-------------------------------------------------------------X

# SETTLEMENT AGREEMENT

Crystal Rogers ("Plaintiff") and Momeni, Inc. d/b/a Momeni and Ali Momeni, Aria Momeni and Reza Momeni, individually (collectively "Defendants") each a "party" and collectively "parties," desiring to settle all claims and disputes alleged or raised by the pleadings in the above referenced action (the "Action"), agree as follows:

WHEREAS, this action was commenced by the filing of Plaintiff's complaint on , alleging violations of the Fair Labor Standards Act of 1938 ("FLSA"), the New Jersey Wage and Hour Law, the New Jersey Law

{11906260:3}

against Discrimination, the Diane B. Allen Equal Pay Act and violations of the Federal Equal Pay Act;

WHEREAS, Defendants filed their answer to the complaint on September 7, 2020, denying liability;

WHEREAS, the parties have determined it to be in their mutual interests to settle all claims or other matters between them and to dismiss this action with prejudice;

WHEREAS, the parties engaged in arm's-length settlement negotiations;

WHEREAS, Plaintiff's counsel analyzed and evaluated the merits of the claims made against Defendants and the impact of this Agreement on Plaintiff and, based on this analysis and evaluation of a number of factors, and recognizing the substantial risk of continued litigation, including the possibility that the Action, if not settled now, might not result in any recovery whatsoever or might result in a recovery that is less favorable and that would not occur for several years, Plaintiff's counsel believes that the terms and conditions of this Agreement are fair,

{11906260:3}

reasonable, and adequate and that this Agreement is in the best interests of Plaintiff;

WHEREAS, in agreeing to the settlement embodied in this Agreement, the parties have considered: (i) the facts developed during the pendency of the Action and the law applicable thereto; (ii) the attendant risks to the parties of continued litigation and the uncertainty of the outcome of the Action; (iii) the desirability of permitting the settlement to be memorialized according to the terms of this Agreement; and (iv) the conclusion of the parties and their counsel that the terms and conditions of this Agreement are fair, reasonable, and adequate, and that it is in the parties' best interests to settle the Action as set forth below;

WHEREAS, Defendants deny all of the allegations made by Plaintiff in the Action and deny that they are liable or owe damages to anyone with respect to the alleged facts or causes of action asserted in the Action. Nevertheless, without admitting or conceding any liability or damages, Defendants have agreed to a settlement on the terms set forth in

this Agreement, to avoid the burden, expense, and uncertainty of further litigation;

WHEREAS, the parties agree to use their best efforts to obtain an approval order from the Court; and

NOW, THEREFORE, for good and valuable consideration, the receipt of which is hereby acknowledged, and in consideration of the mutual covenants and undertakings set forth herein, the parties agree as follows:

1.1   In consideration for Plaintiff signing this Agreement and in full satisfaction of all claims that Plaintiff may have against Defendants, known or unknown, asserted or unasserted, conditioned upon approval of this Agreement by the Court, Defendants agree to pay to Plaintiff the total sum of Twenty-Five Thousand Dollars ($25,000), all of which will be taxed via W-2 in three separate checks made out to Crystal Rogers.  Such payment shall be sent to Plaintiff's counsel, The Law Offices of Jacob Aronauer, at 225 Broadway, 3rd Floor, New York, New York 10007.

(i)  Within 14 days following approval of the Court of this settlement agreement, the sum of $15,000, payable to Crystal Rogers.

(ii)  Within 44 days after Court approval of this settlement agreement, $5,000 to Crystal Rogers.

(iii)  Within 74 days of court approval of this settlement agreement, $5,000 to Crystal Rogers.

(iv)  The Law Offices of Jacob Aronauer is not receiving any settlement monies.

1.2   A default of this Agreement shall be considered to have occurred if Defendants fail to remit any payment to Plaintiff as required by, and in accordance with, the terms set forth in Paragraph 1.  Following any default, Plaintiff's counsel shall provide written notice via e-mail to Defendants' counsel, Joey Tsai, at jtsai@tsaipllc.com.  Defendants shall have 14 days to rectify the failure to make payment.

1.3   In the event that Defendants fail to timely cure said breach, then Plaintiff will be entitled to reasonable attorney fees with respect to the enforcement of the settlement agreement.

{11906260:3}

1.4     This action, and Plaintiff's complaint, involve a disputed matter wherein the parties disagree both as to Defendants' liability on Plaintiff's claims and the amounts, if any, that Defendants would be liable for in the event that Plaintiff prevailed on any of his claims. The parties desire to resolve this dispute and avoid the costs and risks associated with further litigation of the parties' claims and defenses. The parties agree that this Agreement does not constitute an admission by Defendants of any wrongdoing or unlawful conduct.

1.5     The parties agree that any dispute pertaining to the enforcement of this settlement agreement may be filed in the District of New Jersey, United States District Court.

1.6     Upon approval of this Agreement, the parties shall dismiss the Action and counsel for the parties shall sign a stipulation and order of dismissal.

3.     Plaintiff hereby irrevocably and unconditionally releases and forever discharges and covenants not to sue Defendants, and their affiliates, parent organizations, subsidiaries, shareholders, members,

{11906260:3}

directors, officers, employees, attorneys, agents and managers, from any and all past and present matters, claims, demands, and causes of action for unpaid wages, untimely wages, minimum wages, overtime wages, liquidated damages, penalties, attorneys' fees and costs, and interest under the FLSA, the New Jersey Wage and Hour Law, the New Jersey law Against Discrimination and the Diane B. Allen Equal Pay Act and the Federal Equal Pay Act which Plaintiff has or might have, known or unknown, related to Plaintiff's work with Defendants.

4. Plaintiff expressly warrants and represents that no portion of the claims that are subject to the release set forth in Paragraph 3, nor any portion of any recovery or settlement to which Plaintiff might be entitled to in respect thereof, has been assigned or transferred to any person or corporation in any manner whatsoever, including by way of subrogation, operation of law or otherwise. In the event that any claim, demand or suit shall be made or instituted against Defendants because of any such assignment or transfer by Plaintiff, Plaintiff shall indemnify, defend and

{11906260:3}

hold harmless Defendants from and against any such claim, suit or demand.

5. This Agreement sets forth the entire agreement between the parties regarding the settlement of this action and the parties' respective claims and defenses.

6. This Agreement may be executed in multiple counterparts, which collectively shall comprise a fully executed Agreement. The parties agree that a facsimile, photocopied, electronic, scanned or PDF signature shall be the equivalent of and have the same force and effect as an original signature.

7. This Agreement shall be governed by the laws of the State of New Jersey without regard to its conflict of laws provisions.

8. **Confidentiality Of Terms Of Agreement**. Plaintiff agrees that the terms and conditions of this Agreement are confidential and that she will not disclose them to anyone other than her immediate family and her legal or financial advisors. Plaintiff agrees that this is a material provision of this Agreement and that, if she violates its

{11906260:3}

terms, Defendants are entitled to sue for damages along with reasonable attorney fees. Plaintiff also agrees that prior to permissibly disclosing the terms and/or conditions of this Agreement to her immediately family and/or or legal or financial advisors, she will obtain their agreement to maintain the confidentiality of the terms and conditions of this Agreement. If at some time in the future Plaintiff believes that she is required to disclose the terms and/or conditions of this Agreement by force of law or otherwise, Plaintiff agrees to so notify Defendants in writing as promptly as possible under the circumstances.

Defendants acknowledge that as of the date of signing this Agreement, they do not believe that Plaintiff has violated the terms of the confidentiality agreement.

9. No Future Right To Employment. Plaintiff waives, releases and forever discharges any rights or claims to reinstatement, re-employment or to provide services to Defendants or any of the Releasees. Plaintiff acknowledges and agrees that this

{11906260:3}

Agreement shall be good and sufficient reason for Defendants any of the Releasees to reject any application for employment, re-employment or to provide services that she may submit. Plaintiff agrees that in the event that she ever seeks employment, re-employment or to provide services to or for Defendants, or any of the Releasees, such person or entity shall refuse her application as a result of this provision, and she may not and shall not file or pursue any lawsuit, arbitration demand, charge, complaint, or other claim against Defendants or any of the Releasees arising from or related to such refusal.  Plaintiff further agrees that in the event she becomes employed by or provides consulting services to any entity that provides services to Defendants or any of the Releasees, she personally shall not work on Defendants account or provide any services to Defendants or any of the Releasees.

THE PARTIES AGREE AND REPRESENT THAT THEY HAVE HAD A REASONABLE PERIOD OF TIME TO CONSIDER THIS

{11906260:3}

AGREEMENT AND TO CONSULT WITH THEIR RESPECTIVE ATTORNEYS OF RECORD PRIOR TO THE SIGNING OF THIS AGREEMENT.

[*Signatures to follow on next page*]

{11906260:3}

CRYSTAL ROGERS

_____  Date: 5/14/2021

MOMENI, INC. d/b/a MOMENI

_____  Date: 5/5/21
Name: ARIA Momeni

ALI MOMENI

_____  Date: _____

ARIA MOMENI

_____  Date: 5/5/21

REZA MOMENI

_____  Date: May/05/2021

{11906260:3}

CRYSTAL ROGERS

_[signature]_     Date: 5/14/2021

MOMENI, INC. d/b/a MOMENI

_____ Date: _____

Name: _____

ALI MOMENI

_[signature]_     Date: 4.30.21

ARIA MOMENI

_____ Date: _____

REZA MOMENI

_____ Date: _____

{11906260:3}