UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRYSTAL ROGERS,<br><br>        Plaintiff,<br><br>v.<br><br>MOMENI, INC. *doing business as* MOMENI, ALI MOMENI, ARIA MOMENI and REZA MOMENI<br><br>        Defendants. | Civil Action No.<br><br>20-6289 (LDW)<br><br>**MEMORANDUM OPINION** |

**THIS MATTER** comes before the Court on the parties' joint request for settlement approval. (ECF No. 22). The parties have consented to Magistrate Judge jurisdiction for this motion and all further proceedings in this case. (ECF No. 24).

**I.    BACKGROUND**

Plaintiff Crystal Rogers commenced this action on May 22, 2020, alleging that defendants failed to pay her overtime wages for time worked in excess of forty hours per week in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, *et seq.*; the New Jersey Equal Pay Act, N.J.S.A. 34:11-56.13; and the Federal Equal Pay Act, 29 U.S.C. § 206(d). (Compl., ECF No. 1). Plaintiff also alleged that she suffered gender, race, and age discrimination in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.* (*Id.*). Defendants Momeni, Inc., Ali Momeni, Aria Momeni, and Reza Momeni (collectively, "Defendants") answered the Complaint on September 7, 2020 (ECF No. 7), and the parties proceeded to engage in fact discovery.

The parties engaged in private mediation on April 1, 2021. Although the case did not settle at mediation, the parties continued to discuss mediation through the mediator, ultimately reaching

a settlement on April 21, 2021.  The parties submitted an executed settlement agreement and joint request for settlement approval on June 14, 2021.  (ECF Nos. 18, 22).

The parties have proposed to settle this case for a total payment of $25,000.00 to plaintiff. Under the settlement terms, plaintiff's counsel would not receive a share of the settlement funds.

## II.     ANALYSIS

In determining whether to approve an FLSA settlement agreement, the Court must determine that "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'"  *Brumley v. Camin Cargo Control, Inc.*, Civ. A. Nos. 08-1798, 10-2461, 09-6128, 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).  The Court's ascertainment of the existence of a bona fide dispute is to ensure that the settlement is not merely a waiver of an employee's statutory rights under the FLSA but instead is the product of a true dispute over the employee's factual entitlement to recovery under the statute.  *See id.*  Additionally, the Court must assess "(1) whether the compromise is fair and reasonable to the employee, and (2) whether the compromise otherwise frustrates the implementation of the FLSA."  *Davis v. Essex County*, Civ. A. No. 14-1122, 2015 WL 7761062, at *2 (D.N.J. Dec. 1, 2015).

First, the Court finds that the settlement resolves a bona fide dispute over the number of hours plaintiff worked and her entitlement to overtime wages.  Plaintiff, who worked as a customer sales representative at defendants' carpet company, alleged that she was consistently required to work beyond her official work schedule of 9:00 a.m. to 5:00 p.m., and that her paystubs undercounted the number of hours actually worked.  Defendants, on the other hand, point to time records reflecting no overtime worked in support of their defense that plaintiff never worked in

excess of forty hours per week. The parties' settlement therefore resolves these factual disputes, and as such the settlement is not merely a waiver of the plaintiffs' FLSA rights.

Second, the Court finds that the settlement constitutes a fair and reasonable compromise of plaintiffs' claimed overtime under the factors set forth in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975). Plaintiff's counsel represents that he has agreed to forego any settlement monies to allow greater recovery to his client. (ECF No. 22 at p. 3). The prospect for only a modest recovery, weighed against the expense of ongoing litigation, the risks of establishing liability and damages, and potential issues collecting on a larger judgment, renders the settlement a reasonable compromise of the claims in the lawsuit. *See Rabbenou v. Dayan Foods, Ltd.*, No. 17-1330, 2017 WL 3315263, at *1 (D.N.J. Aug. 3, 2017). Further, the proposed settlement is the product of arms-length negotiation between parties represented by competent counsel and assisted by a private mediator. Therefore, the Court finds that *Girsh* factors have been satisfied such that the settlement constitutes a fair and reasonable compromise.

Finally, there is nothing in the record to suggest that the proposed settlement would otherwise frustrate the implementation of the FLSA. Plaintiff is releasing only the claims alleged in the Complaint, as permitted. *See Cruz v. JMC Holdings, Ltd.*, No. 16-cv-9321 (KSH) (CLW), 2019 WL 4745284, at *7 (D.N.J. Sept. 30, 2019) (collecting cases). While the agreement does provide for confidentiality, which is not permitted for FLSA settlements, *Brumley v. Camin Cargo Control, Inc.*, 2012 WL 1019337, at *7 (D.N.J. 2012), the parties plainly are not enforcing that term given that they filed the settlement agreement on the public docket. Therefore, the Court reads the confidentiality clause as plaintiff's agreement not unnecessarily to publicize the terms of the agreement. *See, e.g., McGee v. Ann's Choice, Inc.*, 2014 WL 2514582, at *3 (E.D. Pa. June 4, 2014) (approving confidentiality clause prohibiting plaintiff from speaking with the media, but

permitting plaintiff to share settlement terms with "friends, family, employees, and individuals not affiliated with the media"); *In re Chickie's & Pete's Wage & Hour Litig.*, 2014 WL 911718, at *3 (E.D. Pa. Mar. 7, 2014) (approving confidentiality clause "prohibit[ing] Plaintiffs from discussing this matter with anyone, but only prohibits Plaintiffs from disparaging Defendants or discussing the substance and negotiations of this matter with the press and media").  The Court therefore finds that the settlement agreement's terms are a fair and reasonable compromise of plaintiff's FLSA claims that do not frustrate the statutory scheme of the FLSA.

### III.   CONCLUSION

Having considered the parties' submissions in support of the parties' joint request for settlement approval, and for good cause shown, the Court approves the settlement memorialized in the final executed settlement agreement (ECF No. 22-1) and approves the payments to be made to plaintiff as set forth therein.

The parties shall proceed with the administration of the settlement in accordance with the terms of the settlement agreement.  The Court will separately enter and file the Stipulation and Order of Dismissal filed by the parties.

**It is SO ORDERED this 13th day of August, 2021.**

       *s/ Leda Dunn Wettre*
       Hon. Leda Dunn Wettre
       United States Magistrate Judge